IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SIDNEY L. HAYMAKER,

    *Plaintiff*,

v.

RELIANCE STANDARD LIFE INSURANCE CO., et al.,

    *Defendants*.

CIVIL ACTION
NO. 15-06306

**PAPPERT, J.**                                                                                                     June 14, 2016

**<u>MEMORANDUM</u>**

**I.**

Plaintiff Sidney L. Haymaker ("Haymaker") sued Defendants Reliance Standard Life Insurance Co. ("Reliance"), I.B.E.W. Local 380 ("the Union"), I.B.E.W. Local 380 Health, Welfare and Pension Plans ("the Plan") and the Trustees of the Health, Welfare and Pension Plans ("the Trustees") (collectively "Defendants"), alleging common law breach of contract and breach of fiduciary duty claims. Haymaker's claims arose from the Defendants' alleged failure to notify her late husband ("Mr. Haymaker") of certain privileges afforded to him by a group life insurance policy issued by Reliance to the Union for the benefit of the Union's employees. Had Mr. Haymaker been notified of those privileges, Haymaker contends he would have been eligible for benefits at the time of his death.

On April 27, 2016, the Court dismissed Haymaker's complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court held that: (1) ERISA preempted Haymaker's breach of contract and breach of fiduciary duty claims; and (2) even if construed to allege ERISA violations, Haymaker's claims failed. *See Haymaker v. Reliance Standard Life*

1

*Ins. Co.*, No. 15-cv-06306, 2016 WL 1696851, at *4–6 (E.D. Pa. Apr. 27, 2016).  Haymaker had already amended her complaint once and the Court accordingly held that granting leave to file a second amended complaint would be futile.  *Id.*

Haymaker filed an omnibus motion on May 26, 2016 seeking reconsideration of the Court's April 27 Order, leave to file a second amended complaint and remand to the Chester County Court of Common Pleas.  (Pl.'s Omnibus Mot. ("Pl.'s Mot."), ECF No. 26 at 1.)  Since the case has been closed since April 27, leave to file a second amended complaint and/or remanding the case only become possible if the Court grants the motion for reconsideration.

Local Rule of Civil Procedure 7.1(g) provides that "[m]otions for reconsideration or reargument shall be served and filed within fourteen (14) days after the entry of the order" dismissing a case.  Haymaker filed her motion twenty-nine (29) days after the Court's April 27 Order dismissing her complaint; the motion is therefore untimely and the Court could deny it on that basis.  *See Oldcastle Precast, Inc. v. VPMC, Ltd.*, No. 12-cv-6270, 2013 WL 3865112, at *2 (E.D. Pa. July 26, 2013) (denying a motion for reconsideration that was not filed within fourteen days after the entry of the challenged order); *see also United States v. Eleven Vehicles, Their Equip. & Accessories*, 200 F.3d 203, 214 (3d Cir. 2000) ("[I]t is not an abuse of discretion for a district court to impose a harsh result, such as dismissing a motion or an appeal, when a litigant fails to strictly comply with the terms of a local rule.").  In any event, Haymaker's arguments supply no basis for the Court to disturb its prior opinion.

**II.**

The threshold issue for the Court to consider is whether to reconsider its previous Opinion pursuant to Federal Rule of Civil Procedure 59(e).  Haymaker confuses the applicable standard by arguing that leave to amend should be freely given where justice so requires.  (*See*

2

Pl.'s Mot. at 5.)  While this may be the standard for granting leave to amend a complaint, it is not the standard which governs a Rule 59(e) motion.  Unlike granting leave to amend, "a motion for reconsideration may not be used to give a litigant a 'second bite at the apple.'"  *Jarzyna v. Home Properties, L.P.*, No. 10-cv-4191, 2016 WL 2623688, at *7 (E.D. Pa. May 6, 2016) (quoting *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995)).

The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence."  *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (quoting *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).  A party must show one of three grounds to succeed on a Rule 59(e) motion: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  *Max's Seafood Café*, 176 F.3d at 677.  "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly."  *Cont'l Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

Haymaker's motion does not state the specific grounds upon which she seeks reconsideration.  Because she does not assert an intervening change in controlling law or the availability of new evidence, the Court assumes Haymaker relies upon the need to correct a clear error of law or fact or to prevent manifest injustice.  "It is well-settled that a mere disagreement with the court does not translate into the type of clear error of law which justifies reconsideration of a ruling."  *Wilkerson v. Samuels*, No. 12-cv-1462, 2012 WL 7145714, at *2 (M.D. Pa. December 13, 2012).  Additionally, to show "manifest injustice," Haymaker must establish "an error . . . that is direct, obvious, [] observable" and "apparent to the point of being indisputable." *Teri Woods Pub., L.L.C. v. Williams*, No. 12-cv-04854, 2013 WL 6388560, at *2 (E.D. Pa. Dec.

6, 2013) (internal citations and quotation marks omitted). "In order for a court to reconsider a decision due to manifest injustice, the record presented must be so patently unfair and tainted that the error is manifestly clear to all who view it." *Id.* (internal citations and quotation marks omitted).

### III.

#### A.

Haymaker contends that ERISA does not preempt claims brought under 40 Pa. Cons. Stat. § 532.7, a Pennsylvania Statute which sets forth an insured's notice privileges under their group life insurance policy. (Pl.'s Mot. at 4.) Specifically, the statute provides:

> If any individual insured under a group life insurance policy hereafter delivered in this State becomes entitled under the terms of such policy to have an individual policy of life insurance issued to him without evidence of insurability, subject to making of application and payment of the first premium within the period specified in such policy, and if such individual is not given notice of the existence of such right at least fifteen days prior to the expiration date of such period, then, in such event the individual shall have an additional period within which to exercise such right, but nothing herein contained shall be construed to continue any insurance beyond the period provided in such policy. This additional period shall expire fifteen days next after the individual is given such notice but in no event shall such additional period extend beyond sixty days next after the expiration date of the period provided in such policy. Written notice presented to the individual or mailed by the policyholder to the last known address of the individual or mailed by the insurer to the last known address of the individual as furnished by the policyholder shall constitute notice for the purpose of this section.

40 Pa. Cons. Stat. § 532.7. Thus, Haymaker's motion appears to argue that the Court made a clear error of law in a footnote of its original opinion. *See Haymaker*, 2016 WL 1696851, at *4 n.2 (holding that ERISA preempts 40 Pa. Cons. Stat. § 532.7).[1]

ERISA does not preempt state statutes which "regulate[] insurance." 29 U.S.C. § 1144(b)(2)(A). In *Kentucky Ass'n of Health Plans, Inc. v. Miller*, 538 U.S. 329, 342 (2003),

---

[1] The Court relegated this analysis to a footnote because Haymaker alleged common law breach of contract claims, not statutory claims under Section 532.7. (*See* Am. Compl. at 13–20, ECF No. 3.)

the Supreme Court of the United States established a two-prong test to determine whether a statute regulates insurance: (1) the state law must be specifically directed towards entities engaged in insurance; and (2) the state law must substantially affect the risk pooling arrangement between the insurer and the insured.  *Id.*  In its original opinion, the Court relied on *Terry v. Northrop Grumman Health Plan*, 989 F. Supp. 2d 401, 410 (M.D. Pa. 2013) in holding that ERISA preempts Section 532.7.  *Terry* found that because the statute "simply regulates the notice of rights, it cannot be said to substantially affect the risk pooling between the insurer and the insured."  *Id.* at 410.

The Second Circuit Court of Appeals has found that ERISA preempts a New York statute with nearly identical language.[2]  *See Howard v. Gleason Corp.*, 901 F.2d 1154, 1159 (2d Cir. 1990).  The Second Circuit observed that while the statute set forth certain notification requirements, "ERISA also contains elaborate provisions setting forth the content and timing of notice of such plan information to be given to plan participants."  *Id.* at 1157.  It further stated that "[n]otice . . . of the pre-existing conversion option is not integral to the insurer-insured relationship.  Except for the fact that it may lead the insured to cause an extension of that relationship, it does not dictate any of the terms of the insurance contract itself, the principal embodiment of the insurer-insured relationship."  *Id.* at 1159.  A number of other courts have similarly ruled.  *See, e.g.*, *Estate of Trovato v. Marcal Mfg. LLC*, No. 11-cv-181, 2011 WL

---

[2]   "In the event a group life insurance policy hereafter issued for delivery in this state permits a certificate holder to convert to another type of life insurance within a specified time after the happening of an event, such certificate holder shall be notified of such privilege and its duration within fifteen days before or after the happening of the event, provided that if such notice be given more than fifteen days, but less than ninety days after the happening of such event, the time allowed for the exercise of such privilege of conversion shall be extended for forty-five days after the giving of such notice.  If such notice be not given within ninety days after the happening of the event, the time allowed for the exercise of such conversion privilege shall expire at the end of such ninety days.  Written notice by the policyholder given to the certificate holder or mailed to the certificate holder at his last known address, or written notice by the insurer mailed to the certificate holder at the last address furnished to the insurer by the policyholder, shall be deemed full compliance with the provisions of this subsection for the giving of notice."  N.Y. Ins. Law § 4216(d) (McKinney 2010).

4550169, at *4 (D.N.J. Sept. 29, 2011); *Rogers v. Rogers & Partners, Architects, Inc.*, No. 08-cv-11730, 2009 WL 5124652 (D. Mass. July 27, 2009); *Noel v. Laclede Gas Co.*, 612 F. Supp. 2d 1051 (E.D. Mo. 2009); *Campo v. Oxford Health Plans, Inc.*, No. 06-cv-4332, 2007 WL 1827220 (D.N.J. June 26, 2007); *Strohmeyer v. Metro. Life Ins. Co.*, 365 F. Supp. 2d 258, 261 (D. Conn. 2005).

Haymaker contends that the Court should instead follow *Meyers v. Metro. Life Ins. Co.*, No. 12-cv-3699, 2013 WL 820591, at *4 (E.D. Pa. Mar. 6, 2013), where the Court found that ERISA did not preempt Section 532.7. The *Meyers* Court's analysis of *Miller*'s second prong found that because the state notice statute "may require the insurer to insure a person for longer than the policy provides," it substantially affects the risk pooling arrangement. *Id.* The Court disagrees. A statute which *may* require an extension of the policy does not *substantially* affect the insurer-insured relationship. Haymaker fails to identify a clear error of law or fact, or that the Court made an error so "apparent to the point of being indisputable." *Williams*, 2013 WL 6388560, at *2 (internal citations and quotation marks omitted).

**B.**

Even if the Court found that ERISA did not preempt Section 532.7, Haymaker's proposed second amended complaint would fail for two reasons. First, the statute provides that notice of an insured's conversion privilege shall be given "at least fifteen days prior to the expiration" of coverage. 40 Pa. Cons. Stat. § 532.7. Haymaker contends that her husband never received this notice. As the Court stated in its original opinion, "[t]his claim is vitiated by the [summary plan description] attached to Haymaker's complaint, which was given to Mr. Haymaker and described . . . the Conversion Privilege." *Haymaker*, 2016 WL 1696851, at *6.

6

Second, the statute provides that in the event no notice is given to an insured at least fifteen days before the termination of coverage, the insured is entitled to an "additional period." 40 Pa. Cons. Stat. § 532.7.  "This additional period shall expire fifteen days next after the individual is given such notice *but in no event shall such additional period extend beyond sixty days next after the expiration date of the period provided in such policy*."  *Id.* (emphasis added). Haymaker's amended complaint acknowledged: (1) that the policy provided a thirty-one day period within which to exercise a conversion privilege; (2) that coverage ceased on July 1, 2013; and (3) that her husband died on November 25, 2014.  (Am. Compl. ¶¶ 3, 45, ECF No. 3.)  At best, the statute would grant an additional sixty days on top of the period provided in the policy. Haymaker's husband died well after the extended ninety-one day window.  The Court accordingly denies Haymaker's motion.  An appropriate Order follows.

                                                     BY THE COURT

                                                     */s/ Gerald J. Pappert*
                                                     GERALD J. PAPPERT, J